USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/19/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AON RISK SERVICES NORTHEAST INC., :

                Plaintiff, :

    -against- :

MICHAEL KORNBLAU, et al., :

                Defendants. :
------------------------------------------------------------X

10 Civ. 2244 (RMB) (JCF)

**ORDER**

Having reviewed the record herein, including the parties' submissions in anticipation of the preliminary injunction hearing scheduled for May 4, 2010, the Court agrees with Defendants' argument that Plaintiff's state law claims are different from and substantially "predominate" over Plaintiff's (single) Federal law claim. (Defs.' Mem. of Law in Opp'n to Pls.' Mot. for a TRO & Preliminary Injunction, dated Mar. 18, 2010, at 6–7.)[1] Consequently, Plaintiff's state law claims are dismissed without prejudice to their renewal in an appropriate forum, and the May 4, 2010 hearing will be limited to Plaintiff's claim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"). See Dedalus Found. v. Banach, No. 09 Civ. 2842, 2009 U.S. Dist. LEXIS

---

1    Plaintiff's CFAA claim is merely "an appendage" to its state law claims, which form the "real body of the case." Dedalus Found., 2009 U.S. Dist. LEXIS 98606, at *16. Non-federal issues appear to substantially predominate in terms of proof, the scope of the issues raised, and the comprehensiveness of the remedy sought. See Bishop v. Henry Modell & Co., No. 08 Civ. 7541, 2009 WL 3762119, at *15 (S.D.N.Y. Nov. 10, 2009) (citing United Mine Workers v. Gibbs, 383 U.S. 715 (1966)); see also Contemporary Servs. Corp. v. Hartman, No. 08-02967, 2008 WL 3049891, at *4–5 (C.D. Cal. Aug. 4, 2008) ("The elements and facts that [p]laintiffs must prove to establish their CFAA claim are different from what they must prove to establish their other claims. Plaintiffs' claims for breach of fiduciary duty and breach of contract derive from the parties' rights and responsibilities under the employment contract. . . . Thus, [p]laintiffs' state law claims involve a broader scope of issues and proof than the CFAA claim. That demonstrates that state law predominates."). The parties will not be prejudiced by the dismissal of Plaintiff's state law claims because they have not "proceeded beyond the initial stages of litigation before this Court, and an extensive factual record does not yet exist." Dedalus Found., 2009 U.S. Dist. LEXIS 98606, at *18–19.

98606, at *18 (S.D.N.Y. Oct. 16, 2009) ("Declining jurisdiction under 28 U.S.C. § 1367(c)(2) is appropriate when 'permitting litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'" (quoting Borough of W. Mifflin v. Lancaster, 45 F.3d 780, 789 (3d Cir. 1995)).

The parties are directed to submit a revised pre-hearing order, consistent with this Order, no later than April 26, 2010. They are also advised to engage in good faith settlement discussions.

Dated: New York, New York
April 19, 2010

RMB

Richard M. Berman, U.S.D.J.